IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| UNITED STATES OF AMERICA, | ) | 4:11CR3012 |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | MEMORANDUM AND ORDER ON THE DEFENDANT'S OBJECTIONS TO THE MAGISTRATE JUDGE'S FINDINGS, RECOMMENDATION AND ORDER |
| RAYMOND RICHARDSON, | ) | |
| Defendant. | ) | |

On July 5, 2011, Defendant Raymond Richardson filed a motion to dismiss the indictment, (ECF No. 26), and on August 28, 2011, he filed a "Supplemental Motion to Dismiss," (ECF No. 34). The motions were referred to United States Magistrate Judge Cheryl R. Zwart, and in accordance with 28 U.S.C. § 636(b)(1)(B)-(C) and Federal Rule of Criminal Procedure 59(b)(1), the magistrate judge has recommended that I deny the defendant's motions. (See ECF No. 38). Now before me is the defendant's "Statement of Objections to Magistrate Judge's Findings and Recommendations." (ECF No. 39.) I have conducted a de novo review of those portions of the magistrate judge's findings and recommendation that the defendant challenges, see 28 U.S.C. 636(b)(1); Fed. R. Crim. P. 59(b)(3), and in so doing, I have carefully studied the magistrate judge's Findings, Recommendation and Order, (ECF No. 38), the motions and briefs submitted by the parties, (ECF Nos. 26, 28, 33, 34, 37, 39),[1] and the court documents referenced therein. I find that the magistrate judge's recommendation should be adopted. The defendant's objection will be overruled, and his motion to dismiss will be denied.

## I.  BACKGROUND

---

[1] As of this writing, the time within which the government may file a response to the defendant's objections has not elapsed, see NECrimR 59.2(a), and the government has not yet filed a response. However, because I have concluded that the defendant's objections must be overruled, I have decided to resolve the defendant's objections without awaiting a response from the government.

1

The magistrate judge has outlined the facts clearly and accurately, (see Findings, Recommendation & Order at 1-2, ECF No. 38), and I shall adopt all of her factual findings in full. A brief summary of the relevant background follows.

An indictment filed in this court on January 19, 2011, charged the defendant with conspiring to distribute and to possess with the intent to distribute 50 grams or more of "crack cocaine" in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1), and 846. (Indictment, ECF No. 1.) The defendant was arrested in Indiana, and on April 21, 2011, he made an initial appearance before a magistrate judge in the Northern District of Indiana. (E.g., Tr. of Initial Appearance, Def.'s Ex. 1, ECF No. 34-1.) On April 25, 2011, that judge ordered the United States Marshal to transport the defendant to this district, (e.g., ECF Nos. 10-2 and 10-3), and on June 13, 2011, the defendant made his initial appearance before Magistrate Judge Zwart in the District of Nebraska, (ECF No. 11). The defendant entered a plea of not guilty, (see ECF No. 11), and the magistrate judge scheduled the defendant's trial to begin on August 22, 2011, (ECF No. 14).

In a letter dated June 30, 2011, the government informed Magistrate Judge Zwart "that the Speedy Trial Act requires that the defendant's trial be scheduled soon." (See ECF No. 19 at 2.) More specifically, the government informed the magistrate judge that the defendant's "Speedy Trial clock" started on May 6, 2011, and that "the 70th day" fell on either July 15, 2011, or July 18, 2011. (See id.) Based on the government's letter, the magistrate judge rescheduled the defendant's trial to begin on July 11, 2011. (See id. at 1.)

On July 5, 2011, the defendant moved to dismiss the indictment "due to Speedy Trial violations." (Mot. to Dismiss at 1, ECF No. 26.) In support of his motion, the defendant argued that the August 22, 2011, trial date would have violated the Speedy Trial Act due to the "unreasonable delay" between the date of the order directing the marshal to transport the defendant to Nebraska (i.e., April 25, 2011) and the defendant's initial appearance in the District of Nebraska (i.e., June 13, 2011). (Def.'s Br. at 2-3, 5, 7, ECF No. 28 (citing, inter alia, 18 U.S.C. § 3161(h)(1)(F).) He added that although the order rescheduling the defendant's trial for July 11, 2011, "allowed for the government's case to be before a judge within the allowable 70 days, it simultaneously violate[d] another provision of the Speedy Trial Act." (Id. at 2-3 (citing 19 U.S.C. § 3161(c)(2).) The

defendant also argued that the government's delay in bringing him to trial violated the Fifth Amendment's Due Process Clause and the Sixth Amendment. (Id. at 5-7.)

In his supplemental motion to dismiss, the defendant argued that the Speedy Trial Act's seventy day deadline began to run not on the date of the transportation order (i.e., April 25, 2011), but on the date of his initial appearance in the Northern District of Indiana (i.e., April 21, 2011). (Supp. Mot. at 1-2, ECF No. 34.) Using the earlier date, the defendant calculated that his "Speedy Trial time . . . expired on June 30, 2011," before he filed his original motion to dismiss. (Id. at 2.)

The magistrate judge rejected each of the defendant's arguments. First, she found that there had been no violation of the Speedy Trial Act's seventy day rule because "time did not begin accruing for the purposes of the Speedy Trial Act until Richardson made his initial appearance in Nebraska, the court where the charge was pending, on June 13, 2011." (Findings, Recommendations, & Order at 5, ECF No. 38 (citing, inter alia, 18 U.S.C. § 3161(c)(1)).) Second, she explained that although the order scheduling the trial to begin on July 11, 2011, resulted in a violation of 18 U.S.C. § 3161(c)(2),[2] "the proper remedy for such a violation is not dismissal." (Findings, Recommendations, & Order at 6. See also id. at 6-7 (quoting United States v. Mancias, 350 F.3d 800, 810 (8th Cir. 2003)).) Third, she rejected the defendant's Sixth Amendment argument because the delay between the filing of the indictment on January 19, 2011, and the July 11, 2011, trial date was simply not sufficient to trigger a Sixth Amendment speedy trial analysis. (Id. at 7-9 (citing, inter alia, United States v. Aldaco, 477 F.3d 1008, 1018-19 (8th Cir. 2007)).) Fourth, and finally, the magistrate judge rejected the defendant's Fifth Amendment argument because 1) there is no authority indicating that the Fifth Amendment's Due Process Clause protects defendants against post-indictment delays, and 2) the defendant has not shown that he "experienced actual and substantial prejudice" or that "the government's delay was an intentional attempt to gain a tactical advantage." (Id. at 9 (citing United States v. Sturdy, 207 F.3d 448, 452 (8th Cir. 2000).)

---

[2] Section 3161(c)(2) states, "Unless the defendant consents in writing to the contrary, the trial shall not commence less than thirty days from the date on which the defendant first appears through counsel or expressly waives counsel and elects to proceed pro se." If June 13, 2011, is deemed to be "the date on which the defendant first appear[ed] through counsel" in this case, a trial commencing on July 11, 2011, would have fallen within the prohibited thirty-day period. There is no evidence that the defendant consented in writing to the July 11, 2011, trial date.

3

On October 18, 2011, the defendant filed objections to the magistrate judge's Findings, Recommendation, and Order. (ECF No. 39.) My analysis of his objections follows.

## II. ANALYSIS

The defendant has made two general objections to the magistrate judge's analysis of his motions to dismiss. First, he objects to the magistrate judge's finding "[t]hat there has not been a Speedy Trial Act violation pursuant to 18 U.S.C. § 3161(c)(2)." (Def.'s Objections at 1, ECF No. 39.) Second, he objects to the finding "[t]hat there has not been a Sixth Amendment violation." (Id.) I shall consider each of the defendant's objections in turn.[3]

### A. Section 3161(c)(2)

The defendant argues that the magistrate judge erred in finding that there had been no violation of 18 U.S.C. § 3161(c)(2) "even though Plaintiff's counsel conceded there had been one." (Def.'s Objections at 1, ECF No. 39.) He also criticizes the magistrate judge's reliance on United States v. Mancias, 350 F.3d 800, 810 (8th Cir. 2003), arguing that Mancias is distinguishable from the instant case on its facts, and that violations of any part of § 3161(c) necessarily require dismissal of the indictment. (Def.'s Objections at 1-2, ECF No. 39 (citing, inter alia, United States v. Kramer, 827 F.2d 1174 (8th Cir. 1987)).)

The defendant's arguments are not persuasive. First, the magistrate judge did not find that the July 11, 2011, trial date complied with § 3161(c)(2). Rather, she concluded that when a defendant is brought to trial before thirty days have elapsed from his first appearance through counsel, "the correct remedy is for the defendant to make and for the district court to grant a motion for continuance in order to permit adequate pretrial preparation." (Findings, Recommendations, & Order at 7, ECF No. 38 (quoting United States v. Mancias, 350 F.3d 800, 810 (8th Cir. 2003)).) She also found that the defendant was not prejudiced by the July 11, 2011, trial date. (Id.) In short, the magistrate judge found that dismissal was not warranted under § 3161(c)(2)–not that there had been no violation of § 3161(c)(2).

---

[3] I note in passing that the defendant has not objected to the magistrate judge's findings that 1) there has been no violation of the Speedy Trial Act's seventy day rule, and 2) there has been no Fifth Amendment violation. I adopt these findings in their entirety.

Moreover, the Eighth Circuit has rejected the defendant's argument that a violation of § 3161(c)(2) requires an automatic dismissal of the indictment. See Mancias, 350 F.3d at 810 ("While the Speedy Trial Act requires an automatic dismissal of the charges for failing to bring a defendant to trial within its seventy-day limit, see 18 U.S.C. § 3162, there is no such automatic statutory remedy for brining a defendant to trial before thirty days have elapsed from his first appearance through counsel in violation of 18 U.S.C. § 3161(c)(2)."). In United States v. Kramer, 827 F.2d 1174, 1176 (8th Cir. 1987), the Eighth Circuit held only that violations of the Speedy Trial Act's seventy day limit require an automatic dismissal; therefore, Kramer does not stand in tension with Mancias. Furthermore, I am not persuaded that the Eighth Circuit's holding in Mancias is dependent on facts that distinguish Mancias from the instant case.

In summary, I reject the defendant's argument that the indictment must be dismissed pursuant to 18 U.S.C. § 3161(c)(2), and I adopt in full the magistrate judge's analysis of this issue.

### B.  The Sixth Amendment

The defendant argues that because the six-month delay between the indictment and the scheduled trial date was "based entirely on the actions of the Plaintiff," the delay should be considered "presumptively prejudicial." (Def.'s Objections at 3, ECF No. 39.) He adds that the magistrate judge erred by considering only the length of the delay, and not the particular circumstances of this case, when determining that the delay was not presumptively prejudicial.

The Sixth Amendment guarantees defendants "the right to a speedy . . . trial," and the Supreme Court has identified four factors that are relevant to a Sixth Amendment speedy trial analysis: "(1) whether the delay before trial was uncommonly long; (2) whether the government or the criminal defendant is more to blame for the delay; (3) whether, in due course, the defendant asserted his right to a speedy trial; and (4) whether he suffered prejudice as a result of the delay." United States v. Aldaco, 477 F.3d 1008, 1019 (8th Cir. 2007) (citing Doggett v. United States, 505 U.S. 647, 651 (1992)). "The first of these [factors] is actually a double enquiry." Doggett, 505 U.S. at 651. "Simply to trigger a speedy trial analysis, an accused must allege that the interval between accusation and trial has crossed the threshold dividing ordinary from 'presumptively prejudicial' delay, since, by definition, he cannot complain that the government has denied him a 'speedy' trial if it has, in fact, prosecuted his case with customary promptness." Id. at 651-52 (citation omitted).

5

If the defendant makes this showing, "the court must then consider . . . the extent to which the delay stretches beyond the bare minimum needed to trigger judicial examination of the claim," id. at 652, together with the other factors noted above.

The defendant's argument raises the question of whether the threshold dividing ordinary delay from presumptively prejudicial delay varies based on the particular facts and circumstances of a given case. Put differently, he argues that the second factor (i.e., the fact that the government is more to blame for the delay) should affect the preliminary inquiry into whether there has been a presumptively prejudicial delay. The Supreme Court has explained quite clearly, however, that the question whether there has been a presumptively prejudicial delay must proceed first, and the court should consider the remaining factors only if the delay "crossed the threshold."

It is true, as the defendant suggests, that the court should consider the length of the delay in relation to the nature of the charged offense. (See Def.'s Objections at 2, ECF No. 39 (citing Barker v. Wingo, 407 U.S. 514 (1972) ("[T]he delay that can be tolerated for an ordinary street crime is considerably less than for a serious, complex conspiracy charge.")).) See also Doggett, 505 U.S. at 652 n.1. In this case, the defendant is charged with a serious conspiracy, however, and the nature of the charge does not weigh in favor of a lower threshold for a presumptively prejudicial delay.

I find that the delay between the defendant's indictment and the July 11, 2011, trial date, which amounts to approximately six months, was not a presumptively prejudicial delay. There has been no Sixth Amendment violation.

**IT IS ORDERED** that:

1. the defendant's objections to the magistrate judge's findings, recommendation and order, ECF No. 39, are overruled;

2. the magistrate judge's recommendation, ECF No. 38, is adopted; and

3. the defendant's motion to dismiss, ECF No. 26, and supplemental motion to dismiss, ECF No. 34, are denied.

Dated October 27, 2011.

                                      BY THE COURT

                                      s/ Warren K. Urbom
                                      United States Senior District Judge